UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20159-CIV-COHN/WHITE

ANDREW HUTCHINSON,

    Plaintiff,

vs.

SANJAY RAZDAN, M.D.,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 123] ("Report") of Magistrate Judge Patrick A. White which recommends dismissal of Plaintiff Andrew Hutchinson's Amended Complaint [DE 73] brought pursuant to 42 U.S.C. § 1983.  The Court has carefully considered the Report, "Plaintiff's Objection to This Court's Magistrate Judge P.A. White Recommendation to Close Case" [DE 126] ("Objections"), Dr. Razdan's Response in Opposition to Plaintiff's Objections to Magistrate's Report and Recommendation [DE 132] ("Response to Objections"), Defendant's Motion for Summary Judgment [DE 100], Plaintiff's Response [DE 111], Defendant's Reply [DE 114], Plaintiff's Second Reply [DE 118], the record in the case, and is otherwise advised in the premises.

I. BACKGROUND

In his Amended Complaint, Plaintiff Andrew Hutchinson ("Plaintiff"), an inmate at the Dade Correctional Institution, alleges that in May 2007 he noticed blood in his urine. Am. Compl. ¶ 4.  Plaintiff was later sent to see Defendant Sanjay Razdan, M.D.

("Defendant") who diagnosed Plaintiff with bladder calcules, or bladder stones, and an enlarged prostate.  Id. ¶ 13.  On June 10, 2008, Defendant performed laser surgery on Plaintiff to remove the stones.  Id. ¶ 14.  On October 14, 2008, Plaintiff returned to Defendant for Holmium Laser Enucleation and Ablation of the Prostate ("HoLEAP") surgery on his enlarged prostate.  Id. ¶ 16.  A few months later, Plaintiff returned to Defendant's office and told him that, since the surgery, he had been unable to maintain an erection or to ejaculate.  Id. ¶ 17.  Plaintiff alleges that Defendant failed to inform him of the potential side effects of the surgeries.  Id. ¶ 19.  Plaintiff further contends that Defendant was deliberately indifferent to the risks of the procedures.  Id. ¶¶ 27-32.

After Defendant moved for summary judgment, Judge White issued the instant Report which recommends granting summary judgment for the Defendant.  Judge White found that the allegations in Plaintiff's original complaint that Defendant performed a different procedure on him than had been contemplated were not substantiated by the record.  Report at 9.  Additionally, Judge White concluded that there was no evidence to support Plaintiff's claim that Defendant was deliberately indifferent to his medical needs.  Id. at 10.  Because the record established that the HoLEAP procedure was both medically indicated and properly performed, Judge White recommended granting Defendant's motion for summary judgment as to Plaintiff's claim that he was deliberately indifferent to Plaintiff's serious medical need.  Id.  Additionally, Judge White found that the record refuted Plaintiff's claim that Defendant failed to obtain Plaintiff's informed consent prior to the surgery.  Id. at 11.  Defendant is also entitled to summary judgment, according to Judge White, because this claim is one of medical negligence, not deliberate indifference, and does not rise to the level of a

2

constitutional violation. Id. at 12. Plaintiff objects to the Report and disputes that Defendant is entitled to summary judgement. For the reasons discussed below, the Court overrules Plaintiff's Objections, will adopt the Report, and will grant Defendant's motion for summary judgment.

## II. DISCUSSION

Plaintiff spends the majority of his Objections discussing a supposed discovery violation allegedly committed by Defendant and his counsel. See Objections at 1-8. Specifically, Plaintiff accuses the Defendant and his counsel of failing to produce a copy of the October 14, 2008 operative report. Id. at 3. According to Defendant, this issue was already addressed by Judge White. Reply at 4. Defendant also represents that the document in question was never maintained by him. Id. The Court finds that this supposed discovery violation is not a proper objection to the Report. Whether this document exists or was in some way withheld from Plaintiff[1], is irrelevant to the issue of whether Defendant is entitled to summary judgment on Plaintiff's claims for deliberate indifference. Accordingly, the Court will disregard this argument.

Next, Plaintiff alleges that he "will prove that Dr. Razdan [sic] deliberate indifference exists through his own documents in providing medical care to Plaintiff [sic] serious medical needs." Objections at 8. Plaintiff, however, has failed to identify what these documents might be or otherwise elaborate on how he will prove his deliberate indifference claims. Plaintiff also conclusorily asserts that "any doctor from Dade C.I.

---

[1] The Court notes that Judge White already rejected Plaintiff's Motion to Compel as to this document. See DE 90. To the extent Plaintiff claims that the Court's ruling was based on misrepresentations from Defendant and his counsel, see Objections at 7, this contention is wholly conclusory and unsupported.

3

will testify, to that it is common protocol to have an inmate/Plaintiff place his signature onto a blank DC4-702 (Consultation Request/Consultants Report) form sometimes months in advance to the medical appointment date." Objections at 9. Plaintiff has failed to provide an affidavit to support this contention.[2] "[C]onclusory allegations without specific supporting facts have no probative value, and a party who wishes to successfully oppose a motion for summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." Cabrera v. Secy, Dep't of Transp., 468 F. App'x 939, 941 (11th Cir. 2012) (quoting Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir.2000) (internal quotation marks omitted)). Plaintiff has failed to meet this burden.

Plaintiff also contends that Defendant maintained a duplicate set of records related to his case, purportedly to conceal that he was experimenting and conducting research on the Plaintiff. Objections at 10. There is zero evidence on the record to support that Defendant was experimenting on Plaintiff. Additionally, the mere fact that two versions of the preoperative orders for the October 14, 2008 surgery may exist does not establish that Defendant was deliberately indifferent to Plaintiff's serious medical needs.[3]

Finally, Plaintiff argues that he can establish that he did not consent to the

---

[2] Moreover, the attached Consultation Request/Consultant's Report, explicitly states "that should hospitalization and/or surgery be necessary, a separate consent form will be signed prior to such hospitalization and/or surgery." Objections at 14. Thus, this document does not support that Plaintiff failed to consent to the October 14, 2008 surgery, as he contends. See id. at 9.

[3] It is equally plausible that someone else altered the document or that Defendant simply changed his pre-operative elective surgery orders.

4

October 14, 2008 HoLEAP procedure.  Objections at 10.[4]  Even if this is true, summary judgment is still appropriate for the Defendant.  The Court agrees with Judge White that a lack of informed consent does not, standing alone, give rise to a deliberate indifference claim.  See Report at 12-13 (citing cases); see also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").  Thus, the Court concurs with Judge White's conclusion that Defendant is entitled to summary judgment.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 123] is hereby **ADOPTED**;

2. "Plaintiff's Objection to This Court's Magistrate Judge P.A. White Recommendation to Close Case" [DE 126] is **OVERRULED**;

3. Defendant's Motion for Summary Judgment [DE 100] is hereby **GRANTED**; and

4. The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of March, 2013.

_____
JAMES I. COHN
United States District Judge

---

[4] Plaintiff appears to assert that the signed consent form Defendant attached as an exhibit to his motion for summary judgment [DE 100-9] is not his signature.  See Objections at 10.  The Court finds no evidentiary support for the argument that Plaintiff did not sign the consent form.

Copies provided to counsel of record and pro se parties via CM/ECF.